UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ROBERT PEACHER, also known as Robert Preacher, | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No. 3:10 CV 448 |
| MICHAEL ISRAEL, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## OPINION and ORDER

Robert Peacher, a prisoner currently housed at the Pendleton Correctional Facility, submitted a *pro se* complaint under 42 U.S.C. § 1983, dealing with his treatment at the Westville Correctional Facility ("WCF") while he was confined there. Defendants are Indiana Department of Correction ("IDOC") Commissioner Edwin Buss, WCF Superintendent Mark Levenhagen, and WCF officials or employees George Payne, Gary Brennan, Thomas Allen, Michael Israel, Raneda Cooper, and Rachel Ross.

This case is before the court on plaintiff's amended complaint. (DE # 41.) The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under FED. R. CIV. P. 12(b)(6) to dismiss a complaint. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). "Dismissal is appropriate only when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." *Id.*

A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.
>
> * * *
>
> [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (quotation marks and citations omitted).

Peacher brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Matoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under

§ 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether a state actor has deprived the plaintiff of a right secured by the Constitution or laws of the United States.

Peacher alleges in his amended complaint that defendants violated the Eighth Amendment's prohibition against cruel and unusual punishments because they knew that he had a "fear and trauma of eating food served by officers of the Westville Control Unit" and knew that he had not eaten any of the food served to him by officers. (DE # 41 at 3.) He alleges that he was traumatized several years ago by being served tainted or poisoned food by correctional officers, "which resulted in the Plaintiff fearing any food touched by officers and his mental inability to overcome the trauma and fear and eat any food served by officers." (DE # 41 at 3.) Peacher states that the only food he has eaten at the WCF was food he was able to purchase from the commissary. (DE # 41 at 3.)

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference is comparable to criminal recklessness, and is shown by "something

approaching a total unconcern for [the prisoner's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992) (citations omitted). "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.

FED. R. CIV. P. 8 establishes a system of notice pleading. Where a complaint contains a well pled, plausible claim under *Iqbal*, it may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Food is one of life's necessities. If plaintiff has been diagnosed with a psychiatric disorder of being unable to accept food served to him by officers, and defendants were aware of this diagnosis and that he was not eating because of this problem, then the court cannot say that no relief could be granted under any set of facts that could be proved consistent with his Eighth Amendment claim against WCF officials.

Section 1983 creates a cause of action for damages based on personal liability; a plaintiff must show a defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). A person who was not personally involved in the alleged wrongdoing cannot be held liable for

damages under § 1983. A plaintiff must allege facts showing the defendant's participation or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). The doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions. *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010).

Peacher's amended complaint does not state facts from which the court could infer that IDOC Commissioner Buss had any personal knowledge of or direct personal involvement in his food service problem at the WCF based on a psychiatric condition. That Commissioner Buss is the superior of the other defendants does not make him liable for their actions under the doctrine of *respondeat superior*. *Gayton*, 593 F.3d at 622.

Peacher seeks injunctive relief as well as damages. (DE # 41 at 11.) But his injunctive relief claims are moot because he is no longer housed at the Westville Correctional Facility where the events he complains of occurred; he is now at the Pendleton Correctional Facility. If a prisoner is released or transferred to another prison, "his request for injunctive relief against officials of the first prison is moot unless 'he can demonstrate that he is likely to be retransferred.'" *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (quoting *Moore v. Thieret*, 862 F.2d 148, 150 (7th Cir. 1988)). Peacher's transfer renders his requests for injunctive relief against WCF officials dealing with conditions at the WCF moot. *O'Shea v. Littleton*, 414 U.S. 488, 495 (1974); *Martin v.*

*Davies*, 917 F.2d 336, 339 (7th Cir. 1990). It is possible that Peacher could at some point in the future return to the WCF, but the mere possibility that this might occur is insufficient. The standard to be applied here is whether he is "likely to be retransferred," and there is no reasonable basis that he is "likely to be retransferred" to the WCF.

For the foregoing reasons, the court:

(1) **GRANTS** plaintiff leave to proceed against defendants Mark Levenhagen, George Payne, Gary Brennan, Thomas Allen, Michael Israel, Raneda Cooper, and Rachel Ross for damages in their individual capacities on his Eighth Amendment claim;

(2) **DISMISSES,** pursuant to 28 U.S.C. § 1915A, all other claims, and **DISMISSES** defendant Edwin Buss;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that defendants respond to the amended complaint as provided for in the FEDERAL RULES OF CIVIL PROCEDURE; and

(4) **DIRECTS** the Marshals Service to effect service of process on defendants Levenhagen, Payne, Brennan, Allen, Israel, Cooper, and Ross and **DIRECTS** the clerk's office to ensure that a copy of this order is served on them along with the summons and amended complaint (DE # 41).

**SO ORDERED.**

Date: May 23, 2011

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT