## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| ROBERT PEACHER, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 3:10 CV 448 |
| MICHAEL ISRAEL, *et al.*, | ) |  |
| Defendants. | ) |  |

## OPINION and ORDER

Robert Peacher, a prisoner confined at the Pendleton Correctional Facility, filed a complaint and amended complaint pursuant to 42 U.S.C. § 1983, alleging that several Indiana Department of Correction officials and employees of Correctional Medical Services Corporation violated his federally protected rights while he was confined at the Westville Correctional Facility. The court screened the amended complaint pursuant to 28 U.S.C. § 1915A(a) on May 23, 2011, and granted plaintiff leave to proceed against defendants Mark Levenhagen, George Payne, Gary Brennan, Thomas Allen, Michael Israel, Raneda Cooper, and Rachel Ross (DE # 53).

Defendants Ross, Levenhagen, Allen, Brennan, and Payne were served with process on June 2, 2011 (DE ## 60, 63, 64, 65, and 66). Service on defendants Cooper (DE # 61) and Israel (DE # 62) was returned unexecuted, but these defendants have since waived service of process (DE ## 71, 97). Defendants Allen and Ross appeared by counsel and filed an answer on June 16, 2011 (DE # 59). Defendants Levenhagen, Brennan, and Payne, however, filed no timely response to the complaint.

On July 15, 2011, plaintiff requested that the clerk enter a default against defendants Levenhagen, Brennan, and Payne, and the clerk entered a default against them on July 19, 2011 (DE ## 75, 77, and 79). Plaintiff has since filed requests that the clerk enter default judgments against defendants Levenhagen, Brennan, and Payne. Counsel has entered an appearance for defendants Levenhagen, Brennan, and Payne, and they now have moved to have the entry of default against them set aside.

Pursuant to FED. R. CIV. P. 55(c), the court may set aside an entry of default "for good cause shown." Where a default has been entered by a clerk under RULE 55(a), as it was in this case, this analysis is to be less stringently applied than if a default judgment has been entered under RULE 55(b). *Thacker v. Menard, Inc.*, 86 F.3d 1158 (7th Cir. 1996); *Chrysler Credit Corp. v. Macino*. 710 F.2d 363, 368 (7th Cir. 1983).

To have the entry of default vacated, defendants Levenhagen, Brennan, and Payne must show that they had good cause for their late entry of appearance and that they acted in a timely fashion to have the default order set aside. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009). In addition to showing good cause, these defendants must also show that they have a meritorious defense to the plaintiff's claims. *Id.* "A meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis." *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994). "The showing of a meritorious defense that is necessary to set aside a default requires more

2

than the bare legal conclusions set forth in defendants' proposed answer." *Breuer Elec. Mfg. Co. v. Toronado Syst. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982).

Defaults are disfavored, and the United States Court of Appeals for the Seventh Circuit has expressed a strong preference in favor of trial on the merits over entry of a default judgment. *Sun v. Bd. of Trustees for Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007). A "default judgment, like a dismissal, is a harsh sanction which should usually be employed only in extreme situations." *C.K.S. Engineers, Inc. v. White Mountain Gypsum , Co.*, 726 F.2d 1201, 1205 (7th Cir. 1984).

Defendants Levenhagen, Brennan, and Payne's submissions establish that they sought counsel on June 7, 2011, and believed that the Indiana Attorney General was representing them. However, without their knowledge, no attorney appeared for them. Defendants' submissions further establish that their counsel learned of the entry of default against the defendants after such entry had occurred on July 19, 2011, and that defendants moved to have the entry of default set aside on August 4, 2011. Defendants further argue that they plan to defend against plaintiff's claims by showing that plaintiff has failed to establish various elements of his claim, including the facts that the defendants acted with deliberate indifference and possessed sufficient knowledge to sustain a claim for violation the Eighth Amendment's prohibition against cruel and unusual punishment.

The court finds that the failure of counsel to enter a timely appearance was not the fault of the individual defendants, that the defendants responded timely when the

default was discovered, and that they have they have potentially strong and meritorious defenses to the complaint. "[R]outine back-office problems . . . do not rank high in the list of excuses for default . . . ." *Connecticut Nat'l Mortg. Co. v. Brandstatter*, 897 F.2d 883, 884-885 (7th Cir. 1990). Nevertheless, because there is "a policy of favoring trial on the merits over default judgment," *Cracco*, 559 F.3d at 631, and because the information provided by defendants Levenhagen, Brennan, and Payne in their motion to set aside default establishes the elements necessary to set aside a default entry, the court will grant their motion.

For the foregoing reasons, the court **GRANTS** defendants Levenhagen, Brennan, and Payne's motion to set aside entry of default (DE # 93); the court **DENIES** plaintiff's motions for entry of default judgment by clerk (DE ## 81, 82, and 83) as moot. The court **AFFORDS** defendants until September 16, 2011, within which to respond to plaintiff's amended complaint.

**SO ORDERED.**

Date: August 15, 2011

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT